## STATE vs. FRED VON BUREN.

1. CRIMINAL LAW—ARGUMENT—OBJECTION.

The time to object to any remarks of the Attorney General in his closing argument was when they were made; and the court, on request after the argument, could not instruct the jury to ignore such remarks.

2. LARCENY—DEFINITION.

Larceny is the felonious or wrongful taking of the personal property of another without the consent of the owner, and with the intention on the part of the taker to convert the property to his own use.

3. LARCENY—INTENT—PRESUMPTION AND BURDEN OF PROOF.

If defendant took certain diamond rings without the owner's consent, the law presumes that he took them with the intention of converting them to his own use, and the burden is on him to satisfy the jury that he took them for a lawful, and not an unlawful, purpose.

4. LARCENY—REQUISITES—INTENT.

If defendant, charged with the larceny of certain diamond rings, satisfied a jury that he did not take them with the intention of converting them to his own use, he did not commit larceny, as the intention must be in his mind when the property is taken.

5. LARCENY—INTENT—RETURN OF GOODS.

If a defendant intended, at the time the personal property was taken, to convert it to his own use, it was larceny, notwithstanding he may have later repented of the taking and returned the property.

6. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE—REASONABLE DOUBT.

In a prosecution for larceny, the jury could not convict, unless they were satisfied beyond a reasonable doubt that defendant was guilty.

(*January* 16, 1918.)

HEISEL, J., sitting.

*David J. Reinhardt*, Attorney General, and *Percy Warren, Green*, Deputy Attorney General, for the state.

*Philip L. Garrett* for the accused.

Court of General Sessions, New Castle County, January Term, 1918.

INDICTMENT FOR LARCENY, No. 19, January Term, 1918.

Fred Von Buren was indicted and tried for the larceny of two diamond rings. Verdict, guilty.

On the morning of November first, 1917, the accused went into the jewelry store of B., in the City of Wilmington, and engaged in conversation with Miss P., a clerk in the store, who was, at the time, arranging certain articles of jewelry in the front show window. She had placed six rings in the window, including the two diamond rings in question, valued at about forty dollars and seventy dollars respectively, when she was called to the rear of the store, leaving the accused at the window. Upon her return the accused arose and left, saying he would see her at noon and take her out to lunch. Miss P. then discovered that the two diamond rings were missing and notified her employer. The accused not returning at noon, the city detective department was notified. The department, B. and Miss P. during the afternoon sought in vain to locate Von Buren, who early in the evening of the same day called Miss P. over the telephone at her residence and stated that he did not return to the store at noon because he had to go to Carney's Point, and during the conversation asked Miss P. if she had missed anything. She admitted that she had missed the two diamond rings. He informed her that he had taken the rings as a joke. and would bring them out to her, which later in the evening he did. Miss P. notified the detective department that Von Buren had returned the rings, claiming that he had taken them as a joke Two detectives thereupon went to the house of Miss P. and arrested him upon the charge of larceny preferred by B. Von Buren offered to pay B. for the lost time and expense which he had occasioned, saying both to the police officers and to B. that his taking the rings was merely a joke.

Counsel for the accused interposed objection to the comment of the Attorney General to the jury upon the fact that the defendant had failed to prove his good reputation for honesty and fair dealing. The objection was overruled upon the authority of *State v. Davis*, 3 *Pennewill*, 220, 50 *Atl.* 99.

At the conclusion of the arguments to the jury, counsel for defendant requested the court to instruct them to ignore any remarks made by the Attorney General in his closing address, except those in reply to the address made for the defendant, contending

that the Attorney General is precluded from bringing in any
new matter in his closing address.

HEISEL, J.:—[1] The court cannot so instruct the jury.
The time to object to any remarks would be at the time they were
made and not at this stage of the case.

The Attorney General requested the court to charge the jury
that if at the time Von Buren took the rings he intended to keep
them, it constituted larceny, notwithstanding he may have at a
later time changed his mind and decided to return the rings.

HEISEL, J., charging the jury:

[2] In this case the defendant, Fred Von Buren is charged
with the larceny of two diamond rings, the property of Charles
H. Brown Company. Larceny is the felonious or wrongful tak-
ing of the personal property of another without the consent
of the owner and with the intention on the part of the taker to
convert the property to his own use.

In this case the state charges, and has produced evidence to
prove, that Von Buren on the seventeenth day of November last
took the property in question from Charles H. Brown Company
without their consent, intending to convert it to his own use. Von
Buren does not deny that he took the property without the con-
sent of the owners thereof, but claims that he took it in the way
of a joke, intending to return it.

[3-5] If you believe from the evidence beyond a reasonable
doubt—as you must, because it is admitted—that Von Buren
took the rings without the consent of Brown Company, the owners,
then the law presumes that he took them with the intention of
converting them to his own use, and the burden is upon Von
Buren to satisfy you that he took them for another purpose, that
is, for a lawful purpose, and not for an unlawful purpose; but
if he can satisfy you that he did not take them with the intention
of converting them to his own use, then he did not commit larceny,
as the intention must be in his mind at the time the property was

taken. But if he intended at the time the property was taken to convert it to his own use, it was larceny, notwithstanding he may have later repented of the taking and returned the goods.

[6] You have heard the evidence. If you are satisfied from the evidence beyond a reasonable doubt that he did take these goods without the consent of the owner and with the intention of converting the same to his own use, you should find him guilty. If you are not so satisfied, you should find him not guilty.

Verdict, guilty.